FILED

2016 Feb-02  PM 02:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JAMES D. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  5:14-cv-01217-RDP-JHE** |
| | ) | |
| **DR. SKOOG, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

The Magistrate Judge filed a Report and Recommendation on October 23, 2015, recommending all claims against Nurse Lovett and Nurse Miller be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted. (Doc. 17).  The Magistrate Judge further recommended the deliberate indifference claim against Dr. Skoog be referred back to the Magistrate Judge for further proceedings.  (*Id*.).  Plaintiff has filed objections to the Report and Recommendation.  (Doc. 18).

For the most part, Plaintiff's objections repeat his medical history and do not directly address the Magistrate Judge's findings or conclusions.  Plaintiff does, however, respond to the finding that some of his claims are barred by the statute of limitations.  (*See* Doc. 18).  Specifically, Plaintiff argues that some of the Nurse defendants' actions, although occurring many years ago, are "still causing [him] [severe] urine detention [and] bladder and kidney distress" and that he suffers from "ongoing serious physical injury." (*Id*. at 16-18).  He makes the same assertion with regard to the claims against Dr. Skoog that were dismissed on statute of limitations grounds.  (*Id*. at 28).

These objections are without merit. While continued failure to provide needed medical attention can constitute a continuing tort, extending the statute of limitations, Plaintiff fails to

present substantial evidence suggesting that the continuing violation rule applies to this case. *Baker v. Sanford*, 484 Fed. Appx. 291, 293 (11th Cir. 2012) (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir.1980)). "The critical distinction in the continuing violation analysis is whether the prisoner complains 'of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does.'" *Id.* (quoting *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir.2003)).  Here, Plaintiff is no longer detained in the Shelby County Jail; therefore, Defendants are no longer in a position to provide or deny medical attention.  Instead, Plaintiff complains of the present consequence of an alleged earlier failure to properly treat.  This is not the type of wrong or injury where a continuing violation theory would apply.  The statute of limitations was not tolled, and Plaintiff's objections are without merit.

Plaintiff's remaining arguments either do not address the Magistrate Judge's findings and recommendations or do not seriously call those findings and recommendations into doubt. Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the Magistrate Judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**.  It is therefore **ORDERED** that all of Plaintiff's claims in this action, except the deliberate indifference claim against Dr. Skoog, are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).  It is further **ORDERED** that the deliberate indifference claim against Dr. Skoog is **REFERRED** back to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this February 2, 2016.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE